# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 1086 | **DATE** | 3/26/2003 |
| **CASE TITLE** | United States of America vs. Brian Keller | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion to dismiss the indictment is denied. Status hearing set for April 9, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | | |
| | No notices required. | | | MAR 27 2003 | | |
| | Notices mailed by judge's staff. | | | date docketed | | |
| | Notified counsel by telephone. | | | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | | 21 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | | | |
| | Copy to judge/magistrate judge. | | CLERK | | | |
| WAH | courtroom deputy's initials | 03 MAR 26 PM 2: 44 | date mailed notice | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 02 CR 1086 |
| | ) | |
| BRIAN KELLER, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED

MAR 2 7 2003

## MEMORANDUM OPINION AND ORDER

Brian Keller (Keller) moves to dismiss the indictment against him. For the following reasons, his motion is denied.

On July 4, 2002, Keller was arrested in a park in Chicago. On August 21, 2002, he pled guilty to the state charge of being a felon in possession of a firearm. He was sentenced pursuant to a plea agreement to three years in custody and was subsequently incarcerated in a state facility. On Nov. 12, 2002, a federal grand jury indicted Keller based on the same facts that underlay the state charges. He is now charged with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), which provides that it shall be unlawful for a felon to "possess, in or affecting any commerce, any firearm or ammunition."

Defendant challenges this indictment as an unconstitutional extension of the government's Commerce Clause power. He recognizes that the Seventh Circuit has already found that the statute on which the indictment is based is a constitutional regulation of commerce. U.S. v. Bell, 70 F.3d 495, 497-498 (7th Cir. 1995). But he asserts that the statute lies on the outer fringe of Congress' power and the unique facts of this case take it outside of the contemplated scope. As background for his argument, defendant highlights Supreme

2/

Court cases which have limited the enactment or application of federal statutes created under the Commerce Clause. Each of these cases addresses the issue of whether the conduct regulated in a federal statute has a sufficient nexus with interstate commerce to bring it within the scope of the Commerce Clause. <u>United States v. Lopez</u>, 514 U.S. 549 (1995) (possession of a firearm in a school zone did not substantially affect interstate commerce); <u>United States v. Morrision</u>, 529 U.S. 598 (2000) (gender-motivated violence does not substantially affect interstate commerce); <u>Jones v. United States</u>, 529 U.S. 848 (2000) (federal arson statute, when used to prosecute for damage to private residences, not within the scope of the commerce clause power). These cases, defendant argues, show that the federal felon-in-possession statute lies at the edge of the government's Commerce Clause reach.

Defendant continues that because he has already been tried and convicted in state court for the same offense, this prosecution is an unconstitutional application of § 922(g)(1).[1] Defendant recognizes that the Seventh Circuit would likely reject any arguments that federalism would bar the government's power to enact or prosecute under the statute, <u>U.S. v. Wilson</u>, 73 F.3d 675, 684 (7th Cir. 1995)(confirming the "well-established principle that Congress may regulate conduct even though that conduct already violates state law"), but argues that nevertheless the federal government's choice to charge him after his conviction disturbs the existing federal/state balance. Similarly, while he recognizes that the Department of Justice Petite policy, which presumes that a prior resolution of a case arising from the same act or transaction vindicates relevant federal interests in the offense, does not provide him

---

[1]The parties agree that under existing precedent he government's prosecution of defendant, based on the same offense that precipitated his state court conviction, does not constitute double jeopardy. *See* <u>U.S. v. Tirrell</u>, 120 F.3d 670, 676-677 (7th Cir. 1997).

with any substantive rights, U.S. v. Mitchell, 778 F.2d 1271, 1276 (7th Cir. 1985), he asserts that the principle behind the policy is undermined by this prosecution. Defendant asks us to find that the state interest in controlling local criminal activity, combined with the federal government's policy to avoid prosecution when its interests have already been vindicated, while not enough to invalidate this indictment on their own, breaks the arguably tenuous connection that the federal felon-in-possession statute has to interstate commerce.

Defendant, in a thoughtful and creative presentation, brings up salient points regarding the effectiveness of a federal prosecution brought after a conviction for an analogous state crime. But even in the aggregate these points do not render the prosecution unconstitutional under the Seventh Circuit's reading of the Commerce Clause. We are similarly not persuaded by defendant's argument to dismiss the indictment on statutory construction grounds. Defendant will have a chance to argue that the government has failed to prove the commerce element required under the statute if this case goes to trial.

For the above reasons, defendant's motion to dismiss the indictment is denied.


_____
        JAMES B. MORAN
Senior Judge, U. S. District Court

_____March 26___, 2003.